**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 7 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WALTER LEE GRASHEIM,

      Plaintiff-Appellant,

v.

EDWIN CORR, Individually and in his
official capacity as Ambassador to El
Salvador; CELERINO CASTILLO, III,
Individually, and in his capacity as a
Special Agent for the Drug Enforcement
Administration,

      Defendants-Appellees.

No. 99-6259
(D.C. No. CIV-98-1246-W)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK** and **McWILLIAMS**, Circuit Judges, and **SHADUR**, District
Judge.[**]

      In a 23-page complaint filed on September 9, 1998, in the United States District

Court for the Western District of Oklahoma, Walter Lee Grasheim ("Grasheim") brought

suit against the United States of America, four of its governmental agencies, eleven

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3

[**] Honorable Milton I. Shadur, District Judge, United States District Court for the
Northern District of Illinois, sitting by designation.

named individuals and six John Does. Two of the named individual defendants were Edwin Corr ("Corr"), the ambassador to El Salvador when the events which formed the basis for the complaint occurred, and Celerino Castillo, III ("Castillo"), a special agent for the Drug Enforcement Administration assigned to El Salvador at the time of the underlying events. In this appeal we are only concerned with Corr and Castillo, who, collectively, will hereinafter be referred to as "the Defendants."

In his complaint Grasheim, who apparently was a United States citizen, alleged that from 1984 through September 1, 1986, he was residing in and doing business in El Salvador and, at the same time, was under contract with the Department of Defense to provide equipment in the form of night vision equipment and expertise as well as training the Salvadoran Armed Forces. He further alleged that, when he was temporarily in the United States, the Defendants unlawfully conspired with themselves and others to have the local Salvadoran authorities raid his residence in El Salvador, ostensibly for drugs, which they did on September 1, 1986. In that search, in which no drugs were apparently found, Grasheim alleged that numerous of his personal effects were illegally seized. Based thereon, Grasheim asserted a *Bivens* claim under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971) and a RICO claim under 18 U.S.C. § 1964, *et seq.,* against Defendants and others. Grasheim then went on to allege that after September 1, 1986, the Defendants "fraudulently concealed" their participation in the raid, tolling any statute of limitations, and that he didn't become aware of the true facts until "late 1996" when he

learned that Castillo had published a book wherein he admitted "orchestrating" the raid. Grasheim sought actual damages in the amount of $2,500,000.00, treble damages for his RICO claim and punitive damages in excess of $1,000,000.00.

Corr and Castillo filed motions to dismiss or, alternatively, for summary judgment based on the applicable statutes of limitations. (It is agreed that the *Bivens* claim has a two year statute of limitations and the RICO claim a four year statute.) At the hearing on Corr's and Castillo's motions to dismiss, matters were relied on which were outside the pleadings, whereupon the district court elected to treat the motion to dismiss as a motion for summary judgment under Fed. R. Civ. P. 56, and allowed the parties time within which to file "all material" pertinent to a Rule 56 motion.[1] On June 21, 1999, after argument, the district court granted summary judgment for both Corr and Castillo, holding that both the *Bivens* claim and the RICO claim were time barred. In so holding, the district court concluded that on the record before it, "Grasheim knew, or should have known, at least by 1990 the critical facts giving rise to his causes of action." The district court further stated that "because Grasheim was aware of sufficient facts at least by 1990

---

[1]On motion, the district court first dismissed Grasheim's claim against the United States and the agency defendants. Individual defendants severally filed motions to dismiss under Fed. R. Civ. P. 12(b), alleging, *inter alia,* that Grasheim's claims were time barred. Grasheim filed a response to those motions. The district court granted those motions for all individual defendants except Corr and Castillo. At the same time, the district court noted that since Corr and Castillo had presented matters outside the pleadings, it would treat their motions to dismiss as motions for summary judgment under Fed. R. Civ. P. 56. As indicated, we are here only concerned with Corr and Castillo.

to pursue his lawsuit, the court finds no grounds to support Grasheim's argument that the limitation periods should be equitably tolled until 1996." Grasheim appeals the judgment thus entered.

As stated, the district court concluded that on the record before it Grasheim either knew or should have known "at least by 1990 the critical facts giving rise to his causes of action," which would mean that the complaint, filed in 1998, was well beyond both the two year and four year statutes of limitations. On appeal, Grasheim's position is that he didn't really know of any cause of action he might have against Corr and Castillo until late 1996, when he learned of Castillo's book implicating Castillo, Corr, and others in the unlawful raid of Grasheim's home in El Salvador, which, if correct, would mean that the complaint, filed in 1998, would be within the two year and four year statutes of limitations. The Defendants argue that the district court's determination that Grasheim "knew or should have known" by 1990 is amply supported by the record, and suggest that actually Grasheim "knew or should have known" as early as the fall of 1986.

For purpose of a statute of limitations, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis for the action and its cause. *Baker v. Board of Regents,* 991 F.2d 628, 632 (10th Cir. 1993); *Arvayo v. United States,* 766 F.2d 1416, 1419 (10th Cir. 1985). We reject any suggestion that a plaintiff must "conclusively" know of the injury and its cause before a statute of limitations is triggered. *Chasteen v. Unisia Jecs Corp.,* 216 F.3d 1212, 1218 (10th Cir. 2000); *Baker,* 991 F.2d at

- 4 -

632. Our study of the record convinces us that the district court did not err in holding that Grasheim knew or should have known at least by 1990 the "critical facts," and, indeed, such is amply supported by the record. Events occurring between 1986 and 1990, which are enumerated by the district court in its order, support its determination that Grasheim's claims are time barred and preclude him from asserting claims made some 12 years after the fact.[2]

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Circuit Judge

---

[2]In addition to the matter mentioned by the district court in its order, we also note that on December 13, 1990, Grasheim, when interviewed by an FBI agent, stated, *inter alia,* that he had learned that a few days before the September 1, 1986, raid on his house, Castillo and others met with Corr and discussed raiding his house for drugs and that he (Grasheim) believed that the drug charge was "totally trumped up to get him out of the picture for some unknown reason." To counter this and other evidence tending to show "knowledge" by at least 1990, Grasheim by affidavit suggested that he was only "bluffing" in an effort to establish the true facts.